Commonwealth *v.* Parish, Appellant.

594

Argued October 23, 1939.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADT-
FELD, PARKER, RHODES and HIRT, JJ.

*R. A. Isenberg,* of *Service, McNeal, Cusick & Isenberg,*
for appellant.

No appearance was made, nor brief filed for appellee.

OPINION BY HIRT, J., January 30, 1940:

This is an appeal from the summary conviction of the defendant after hearing de novo before the court below. The charge upon which defendant was convicted was that of driving his automobile in excess of the fifty mile speed limit established by section 1002 (b) 5, of the amendment to the Vehicle Code, of June 5, 1937, P. L. 1718.

Disposition of the question raised on this appeal rests upon a construction of section 1002 (d) of the same act which sets forth the procedure to be followed by peace officers in enforcing the provisions of section 1002 (b) 5. This section has been a part of the motor vehicle law since the Act of May 1, 1929, P. L. 905, and makes it mandatory for the officer in following an automobile on the highway to time the rate of speed for a distance of not less than one quarter of a mile, using a motor vehicle equipped with a speedometer which has been tested for accuracy within a period of thirty days prior to the alleged violation.

A Pennsylvania Motor Policeman followed the automobile driven by the defendant and by his speedometer timed defendant's speed for a distance of 1.9 miles. He testified that the defendant was driving at the rate of sixty miles an hour. The officer also stated that his speedometer had been inspected twelve days before the arrest at an official speedometer testing station and that he was present when the test was made. At the hearing the Commonwealth offered in evidence a certificate of the service company showing that a test of the speedometer in the officer's car had been made on the date fixed by the officer in his testimony, within thirty days of the date of the alleged violation. The admission of this certificate is assigned as error and defendant contends that since there is no competent proof that the speedometer of the officer's car registered accurately, there is no proof of guilt.

The enforcement of speed limits presents a practical

problem capable of solution only when the law is flexible enough to meet existing conditions upon the highways. Methods of enforcement, embodying as they must, provisions for the protection and safety of lawful users of the highway, to be effective at all, must be capable of application to every section of the road and not restricted to certain measured stretches. The legislature, when it enacted section 1002 (d) of the Vehicle Code attempted a practical solution of the problem and provided a method that was reasonably certain to measure speed with accuracy. The requirement that monthly inspections be made of speedometers on motor vehicles of peace officers was written into the act for the protection of the users of the highway to prevent unwarranted arrests, and not to hamper the Commonwealth in its proof.

The question of the admissibility of a certificate of inspection under section 1002 (d) as proof of the fact that a test had been made has been before the lower courts, and with unanimity, certificates of this nature have been properly rejected as evidence and, in a number of cases, for want of competent evidence of the fact that the officer's speedometer had been tested, the defendants were discharged. To prevent a defendant from thus escaping the penalty for want of adequate proof of the violation, the Vehicle Code was amended on June 27, 1939, P. L. 1135, making a certificate of this character competent prima facie proof that the speedometer had been tested and that it registered accurately. We are not called upon in this appeal to determine the validity of that amendment since the alleged violation occurred before the effective date of the amendment. Reference is made to it only for the reason that it is the first indication of an intention of the legislature to change the rules of evidence applicable to the proofs required from the Commonwealth in cases of this nature.

In this case proof of the violation does not rest upon a certificate of a speedometer testing station. The Com-

monwealth made out a prima facie case through the arresting officer who testified that he was present and observed the test as it was made, and by his further testimony that he followed the defendant on the highway for more than one quarter of a mile and, from a reading of his speedometer, determined that the defendant was driving his car at a speed in excess of the legal limit. There was no burden on the Commonwealth of proving the accuracy of the officer's speedometer except by competent proof that it had been "tested for accuracy within a period of thirty days prior to the alleged violation." This device has been in common use on automobiles for more than 25 years and is recognized as an instrument reasonably reliable in measuring rates of speed. If absolute proof of its accurate operation were required, it would be necessary for the Commonwealth to prove, also, the accuracy of the mechanical devices used in applying the test, making it difficult if not impossible of obtaining a conviction in any case. Proof of the accuracy of a stop-watch used in determining speed over a measured stretch of highway is not part of the Commonwealth's case under another section of the act and by analogy, proof of the accurate operation of a speedometer should not be required in the first instance, in cases of this nature, though a number of factors may make the latter the less reliable of the two.

The certificate handed to the officer at the time of the inspection was corroborative of the officer's testimony that an inspection had been made and was admissible to that extent. The record does not show that it was received in evidence for any other purpose.

In this case the weight of the testimony was for the trial judge and there is sufficient evidence to sustain the conviction.

Judgment affirmed.