## Commonwealth v. Obenreder

*M. P. Breene*, for Commonwealth.

*R. M. Dale*, for defendant.

McCRACKEN, P. J., November 12, 1940.—Defendant was arrested on a charge of operating a motor vehicle "at a speed greater than allowed for this classification of vehicle by law". The information specifies that the portion of The Vehicle Code of May 1, 1929, P. L. 905, violated was "Subsection C, sec. 1002, Act 403".

Upon the hearing the Commonwealth produced a certificate presumptively issued by C. H. LeJeal of Erie, certifying that on January 4, 1940, he had tested the speedometer "in the Ford motor vehicle bearing registration plate No. 8HP51," the car driven by the officer following or pursuing defendant. The offer of this certificate and its admission was objected to by defendant.

This certificate was issued in accordance with the provisions of section 1002 of The Vehicle Code, as amended by section 23 of the Act of June 27, 1939, P. L. 1135, which reads as follows:

"An official certificate from an official speedometer testing station, showing such test was made, that the speedometer was adjusted for accuracy, the date thereof, and the degree of accuracy of such speedometer after adjustment, shall be competent and prima facie evidence of the fact that such certificate was issued by an official speedometer testing station appointed by the secretary, and of the accuracy of the speedometer, in every proceeding where an information is brought charging a violation of this section."

Article I, sec. 9, of the Constitution of this Commonwealth provides, inter alia, as follows: "In all criminal prosecutions the accused hath a right . . . to meet the witnesses face to face . . ."

Certainly the presentation of a certificate with no evidence as to the person issuing the same, nor of the fact that a test was made, and no opportunity granted the accused to face the witnesses making the test and the certificate and to examine them is a violation of the constitutional guaranty.

The exact question presented here was not directly involved in Commonwealth v. Parish, 138 Pa. Superior Ct. 593, and yet Justice Hirt, in discussing this phase of the controversy on page 596, speaks for the Superior Court as follows:

"The question of the admissibility of a certificate of inspection under section 1002 $(d)$ as proof of the fact that a test had been made has been before the lower courts, and with unanimity, certificates of this nature have been properly rejected as evidence . . ."

See Commonwealth v. Townsley, 35 D. & C. 425, and Commonwealth v. Haas, 33 D. & C. 143.

And now, November 12, 1940, defendant is discharged, the County of Venango to pay the costs.