Ryder Appeal.

Argued May 23, 1950. Before DREW, C. J., STERN, STEARNE, JONES and BELL, JJ.

*Elmer E. Harter, Jr.,* with him *Willis F. Daniels* and *Daniels, Harter & Swope,* for appellant.

*Randolph C. Ryder,* Deputy Attorney General, with him *Clinton R. Weidner* and *T. McKeen Chidsey,* Attorney General, for appellee.

OPINION BY MR. CHIEF JUSTICE DREW, June 26, 1950:

The Secretary of Revenue suspended the motor vehicle operating license of Anthony McCurdy Ryder, Jr., appellant, for driving at an excessive rate of speed in violation of §1002 of The Vehicle Code.[1] The Court of Common Pleas of Cumberland County sustained that action and this appeal followed.

On February 8, 1949, appellant was stopped on U. S. Highway 15, Union County, by one Neil Gallagher, a member of the Pennsylvania State Police, for driving at a speed of sixty miles an hour. At the hearing before the Secretary of Revenue and also before the lower court Gallagher testified that he had followed appellant for at least two miles at that speed. He further stated that although he was not present at the time his speedometer was tested he had a certificate showing that it had been tested for accuracy within thirty days prior to the violation. Over appellant's objections, that certificate was then admitted into evidence under §1002 *(d)* of The Vehicle Code,[2] and it is that ruling which gives rise to this appeal.

Prior to 1939 these certificates were held to be inadmissible hearsay: *Commonwealth v. Parish,* 138 Pa. Su-

---

[1] Act of May 1, 1929, P. L. 905 as amended.

[2] That section provides, inter alia: "Under all other conditions, the rate of speed shall be timed, for a distance of not less than one quarter (¼) mile, by a peace officer using a motor vehicle equipped with a speedometer tested for accuracy within a period of thirty (30) days prior to the alleged violation . . . *An official certificate from an official speedometer testing station, showing such test was made, that the speedometer was adjusted for accuracy, the date thereof, and the degree of accuracy of such speedometer after adjustment, shall be competent and prima facie evidence of the fact that such certificate was issued by an official speedometer testing station appointed by the secretary, and of the accuracy of the speedometer, in every proceeding where an information is brought charging a violation of this section.*" (The italicized portion of the Act was added by the Act of June 27, 1939, P. L. 1135, §23.)

perior Ct. 593, 596, 10 A. 2d 896. However, The Vehicle Code was amended by the Act of June 27, 1939, P. L. 1135, §23 to make such certificates prima facie evidence of the accuracy of the speedometer "in every proceeding where an information is brought charging a violation of this section". Appellant's sole contention is that that language limits the use of the certificate to criminal proceedings and since the action to suspend a license is administrative (*Commonwealth v. Funk,* 323 Pa. 390, 186 A. 65), the amendment is not applicable here. That argument is based on the meaning of the word "information" which appellant claims is limited to an accusation in a criminal proceeding by a prosecuting officer.

It is true that words having a precise and well-settled legal meaning must be interpreted in the same sense in statutes unless a contrary meaning is plainly intended: *Smrekar v. J. & L. Steel Corp.,* 137 Pa. Superior Ct. 183, 191, 8 A. 2d 461. However, the term "information" does not have such a precise meaning. In its strictest sense it is unquestionably defined as appellant suggests. Nevertheless it is also used more broadly to designate any complaint in summary proceedings such as those before a magistrate or justice of the peace. See *Commonwealth v. Francies,* 250 Pa. 496, 95 A. 527. That being true, we must look to the intent of the legislature to determine the scope and meaning of the language used in The Vehicle Code.

Section 1002 of The Vehicle Code requires not only that a person be timed over a measured distance before he is subject to punishment but also that the speedometer of the timing vehicle be certified as having been tested for accuracy within thirty days prior to the violation. Both of those requirements are included in the Code as a protection to the motorists and when both are satisfied the driver is subject to a fine in criminal proceedings and suspension of his operator's permit in an administrative proceeding before the Secretary of Revenue. Because of

the difficulty and expense involved in producing the person who tested the speedometer, the legislature has, by the 1939 amendment, permitted the Commonwealth to use the certificate as prima facie evidence that the speedometer was properly tested. To hold, as appellant contends, that the certificate is admissible in a criminal suit but inadmissible in a suspension proceedings would create the anomalous situation of placing a greater burden of proof on the Commonwealth in the administrative proceedings than in the criminal action. Such a result would be unreasonable and this Court will not presume that the legislature intended an unreasonable consequence: *Driskel v. O'Connor,* 339 Pa. 556, 15 A. 2d 366.

Furthermore, as the learned court below so aptly said: "It is obvious from a reading of the statute that the legislature intended to relieve the Commonwealth of the burden and inconvenience of calling the mechanic who tested the speedometer to testify as to the test. The inconvenience of calling such a witness in a proceeding for the suspension of a license is even greater than in a criminal proceeding. The statute providing for an appeal from suspension orders of the Secretary . . . provides that the hearing on the appeal shall be a hearing in the Common Pleas Court of the county where the *'operator or permittee resides.'* (Italics added). Such hearing therefore may be held at a considerable distance from the place where the offense occurred and likewise from the place where the test of the speedometer was made. Since criminal proceedings must be brought where the offense occurred the mechanic who would have to be called in most instances would be a resident of that same county and the distance to be travelled would be considerably less. Should the provision of the statute be construed to be inapplicable to suspension proceedings the resultant costs to the Commonwealth of carrying out this important phase of the plan to promote safety upon the highways might be rendered so expensive to the Commonwealth

that it would have to be discontinued. Such an absurd result we do not believe was intended by the legislature."

The certificate being admissible under The Vehicle Code, there is ample competent evidence to support the suspension of appellant's operator's permit.

Order affirmed. Costs to be paid by appellant.