## Commonwealth v. Schumann

*Edward Youngerman*, assistant district attorney, for Commonwealth.

*Mark C. McQuillen* and *George M. Manderbach*, for defendants.

HESS, J., December 10, 1953.—On December 19, 1952, Otto Schumann, defendant, was arrested, charged with having driven a motor vehicle in excess of the speed limit allowed by law. He waived a hearing before the justice of the peace and entered bail for court. After hearing, the trial judge found defendant guilty and imposed sentence. The matter is before us on what is alleged to have been an erroneous ruling of the trial judge in having overruled defendant's objection to the admission of a certificate of speedometer accuracy showing that the speedometer on the car of the arresting officer which was used to clock the speed

of defendant's vehicle had been tested as required by law and found to be accurate.

The only objection to the certificate advanced at the time of trial was that "it does not show the degree of accuracy found as required by the act. The act clearly specifies that the certificate shall show, among other things, the degree of accuracy of such speedometer after adjustment." The objection was overruled for the reason that this court in Commonwealth v. Schweitzer, 73 D. & C. 365, decided the same question adversely to defendant's contention. At the argument for the first time two additional reasons were advanced, and the reason advanced at the trial was not pressed. It is now contended that the admission of the certificate was improper because: (1) The facts stated on the certificate without other evidence are mere hearsay evidence and render the certificate inadmissible; (2) the statute providing for the admissibility of such certificates is unconstitutional because it violates article I, sec. 9, of the Constitution of Pennsylvania that "In all criminal prosecutions the accused hath a right to meet the witnesses face to face."

One who objects to the admission of evidence at the trial for a specific reason is deemed to have waived all other reasons and cannot thereafter raise additional objections: Pennsylvania Company, etc., v. Philadelphia Electric Company, 331 Pa. 125; Williams v. Wolf, 169 Pa. Superior Ct. 628; Commonwealth v. Bitler, 133 Pa. Superior Ct. 268. And the same rule applies when the reason urged on appeal was made at the argument before the lower court, but was not alleged at the trial: Huffman et al. v. Simmons et al., 131 Pa. Superior Ct. 370. The authorities cited would appear to dispose of defendant's present contentions, but in the interest of justice we will review the matter.

The Act of May 1, 1929, P. L. 905, sec. 1002 (d) (1), as variously amended, particularly by the Act of June

27, 1939, P. L. 1135, sec. 23, provides in relation to the accuracy of the speedometer on the vehicle used by the arresting officer that:

"Under all other conditions, the rate of speed shall be timed, for a distance of not less than one quarter (¼) mile, by a peace officer using a motor vehicle equipped with a speedometer tested for accuracy within a period of thirty (30) days prior to the alleged violation. An official certificate from an official speedometer testing station, showing such test was made, that the speedometer was adjusted for accuracy, the date thereof, and the degree of accuracy of such speedometer after adjustment, shall be competent and prima facie evidence of the fact that such certificate was issued by an official speedometer testing station appointed by the secretary, and of the accuracy of the speedometer, in every proceeding where an information is brought charging a violation of this section."

Prior to the amendment provided by the Act of 1939, supra, it would appear that defendant's contention relative to hearsay evidence would have been well taken: Commonwealth v. Parish, 138 Pa. Superior Ct. 593.

"However, The Vehicle Code was amended by the Act of June 27, 1939, P. L. 1135, §23 to make such certificates prima facie evidence of the accuracy of the speedometer 'in every proceeding where an information is brought charging a violation of this section'.": Ryder Appeal, 365 Pa. 149, 151. We find no merit in defendant's first contention.

It is alleged that introduction of the certificate without bringing to court as a witness the man who tested the speedometer violates the constitutional provision, supra, relative to "meeting the witnesses face to face," i.e., cross-examination. At least two lower courts have agreed with that contention and have held that the section of the act in question violates the Constitution:

Commonwealth v. Obenreder, 40 D. & C. 155; Commonwealth v. Baddorf, 42 D. & C. 276. See also notes in 21 A. L. R. 2d 1205, and Some Aspects of Enforcement of the Pennsylvania Motor Vehicle Code, 10 Pittsburgh L. R. 529, 533. Commonwealth v. Obenreder was appealed to the Superior Court, 144 Pa. Superior Ct. 253, but the appeal was quashed for the reason that the Commonwealth has no right of appeal. The appellate court did not indicate that the ruling of the lower court on the main question was correct, saying p. 256:

"When the question argued on this appeal arises upon the record of a case properly before us, it will deserve most careful and serious consideration."

We cannot find ourselves in agreement with the learned writers of the opinions just referred to. The provision of the code requiring that the speedometer of the arresting officer be tested is for the protection of defendant, not the Commonwealth. The provision permitting prima facie proof of accuracy of the speedometer by an official certificate from an official speedometer testing station is for the benefit of the Commonwealth because " 'the legislature intended to relieve the Commonwealth of the burden and inconvenience of calling the mechanic who tested the speedometer to testify as to the test'.": Ryder Appeal, supra, p. 152. That reason is also recognized by the Superior Court in Commonwealth v. Parish, supra. In a case such as the instant proceeding, the important issue is did defendant violate the law by exceeding the speed limit. The testimony of the arresting officer is the crux as to that charge. He, of course, relies upon the speedometer of his vehicle to inform him at just what speed the pursued vehicle is traveling. If defendant's contention and the lower court rulings we have cited are correct, it would be next to impossible to convict any motorist for speeding. Even though the individual who tested the speedometer were produced,

his testimony would, in part, be hearsay because he relies upon his testing machines and devices and the maker of those devices should then be called to verify the accuracy or correctness of those particular devices. If all of these witnesses must be produced to bring about a conviction for exceeding the speed limit then, no doubt, the legislature will find it necessary to amend the law to make it unnecessary to test periodically the speedometer of the arresting officer's vehicle.

If defendant is correct, then we fail to understand how dying declarations are admissible against a defendant in murder and abortion cases. A dying declaration can be the very proof that clinches a case against the accused and yet the maker of the declaration is, unfortunately, never present to face defendant at the trial. Such declarations have long been admissible either under the common law or by statute: Commonwealth v. Winkelman, 12 Pa. Superior Ct. 497. Two well-considered lower court cases, Appeal of Davis, 20 Lehigh 284, and Commonwealth v. Rudolph, 79 D. & C. 186, have approved the legislative provision in question and held it to be constitutional in cases involving appeals from orders of the Secretary of Revenue suspending driver's licenses for speeding. A study of the opinion of Judge Henninger in Appeal of Davis, supra, would indicate that he disagrees with the writer of the lower court opinion in Commonwealth v. Obenreder, supra. On at least two occasions our appellate courts, while not deciding the question of constitutionality in so many words, have discussed with evident approval the amendment of The Vehicle Code of 1939 which relates to the admissibility of the certificates in question: Ryder Appeal, supra, and Commonwealth v. Parish, supra. After reviewing what appear to be the decided cases, we are convinced that defendant's contention relative to constitutionality is not in accordance with law.

And now, to wit, December 10, 1953, defendant's exceptions are dismissed.