## Commonwealth v. Smith

*Roger N. Nanovic,* for appellant.

*Marianne S. Lavelle,* Deputy Attorney General, for Commonwealth.

HEIMBACH, P. J., November 20, 1961. — This is an appeal by defendant, Frank M. Smith, from an order of the Secretary of Revenue of the Commonwealth of Pennsylvania, dated September 21, 1961, suspending his license to operate a motor vehicle for a period of one month. This action resulted from a speeding offense on February 28, 1961. . . .

The Commonwealth introduced evidence of the prosecutor, Harold W. Wieand, Chief of Police of Lehigh Township, who testified he followed defendant for better than one-quarter mile on the detour road leading from Danielsville, Northampton County, to Little Gap, Carbon County, and clocked him at 60 miles per hour in a 50 mile per hour speed zone. A certificate of speedometer accuracy was offered in evidence, reading as follows:

"This is to certify that ELECTRIC EQUIPMENT & SERVICE CO. has received notification of designation as an Official Speedometer Testing Station from the SECRETARY OF REVENUE and on Feb. 28, 1961, (1) tested for accuracy, (2) adjusted for accuracy and (3) found to be——— percent accurate, the speedometer in the Plymouth Motor Vehicle bearing

Registration Plate Number 38332 and Manufacturer's Serial No. 15876316, Equipment No. ——————— Registration Renewal Tab No. 451803.

"This certificate is issued in accordance with the provisions of the Vehicle Code, Act of April 29, 1959, P.L. 58 as amended.

/s/ RICHARD ACKERMAN
Allentown, Pa.

20501          (to be signed by person making test or adjusting Speedometer)

/s/ SAM RICKEL
Allentown, Pa.

(to be signed by manager or other person in charge at time designation as Official Speedometer Testing Station was received)"

Appellant objected to its admission for the reason that such certificate did not indicate the accuracy of the speedometer, the blank space showing percent of accuracy not being completed.

The arrest, out of which this suspension arose, was made under The Vehicle Code of April 29, 1959, P. L. 58, sec. 1002, subsec. (d), which provides:

"(d) (1) When the rate of speed of any vehicle is timed on any highway . . . the rate of speed may be timed, for a distance of not less than one-quarter (¼) mile, by a peace officer using a motor vehicle equipped with a speedometer tested for accuracy within a period of thirty (30) days prior to the alleged violation. An official certificate from an official speedometer testing station, showing such test was made, that the speedometer was adjusted for accuracy, if necessary, the date thereof, and *the degree of accuracy of such speedometer*, [Italics supplied] shall be competent and prima facie evidence of the fact that such certificate was issued by an official speedometer testing station appointed by the secretary, *and of the accuracy of the*

*speedometer* [Italics supplied] in every proceeding where an information is brought charging a violation of this section."

It will be noted that section 1002(d)(1) requires:

(1) Timing of the speed for a minimum of one-quarter mile;

(2) The timing vehicle must be equipped with a speedometer tested for accuracy within 30 days prior to the alleged violation.

Proof of the above may be supplied by an official certificate from an official speedometer testing station which shows:

(a) that the test was made

(b) that such speedometer was adjusted for accuracy, if necessary

(c) the date of testing

(d) the degree of accuracy of such speedometer.

It is apparent that the certificate offered does not show the degree of accuracy, and on that basis, since it does not comply with the statute, is inadmissible: Commonwealth v. Houseknecht, 19 D. & C. 2d 48.

The Commonwealth, in an attempt to correct this deficiency, elicited from Officer Wieand that he was present at the time the speedometer was tested; that he observed the test and noted that the speedometer was 100 per cent accurate. On cross examination, he admitted that the test did not include a check of the wheels of the vehicle nor a check of the speedometer cable, as is presently done.

The Commonwealth argues, under the authority of Commonwealth v. Parish, 138 Pa. Superior Ct. 593 (1939), the officer having testified to being present when the test was made and having testified to the accuracy of the speedometer, the Commonwealth made out a prima facie case and the certificate should be admitted as corroborative evidence of his testimony.

The Parish case was decided under The Vehicle Code of May 1, 1929 (Act of May 1, 1929, P. L. 905, section 1002 (d) ), and held that where a police officer testified that he was present when the speedometer was tested within the time limit (30 days) provided by the statute, the certificate handed to him at the time of the inspection was corroborative of the officer's testimony that an inspection had been made and was admissible to that extent.

The pertinent part of section 1002(d) of the Act of 1929 provides:

". . . the rate of speed may be timed, for a distance of not less than one-quarter (¼) mile, by a peace officer using a motor vehicle equipped with a speedometer tested for accuracy within a period of thirty (30) days prior to the alleged violation."

It will be noted that, under the 1929 act, merely a test for accuracy is required and, unlike the 1959 act, the percent of accuracy need not be set forth nor shown. The Parish case is authority for nothing more than that under the 1929 act all that had to be shown was the speedometer had been inspected within 30 days of an arrest for an alleged violation of section 1002(d), and one who observed the testing could so testify and a certificate could be introduced as corroborative evidence of such testing.

The 1959 act has amended the 1929 act and additionally requires a test for accuracy, an adjustment of the speedometer in case of need, and a statement as to the percent of accuracy. Under such circumstances, we hold inadmissible the certificate of accuracy.

We agree with the statement of Judge Pinola in Gaynor License, 23 D. & C. 2d 786, where he states:

"We agree with Judge Henninger who declared in Appeal of Davis, 20 Lehigh 284, 288, 'that the pro-

visions for timing speed with a tested speedometer was for the motorist's protection,' but we do not subscribe to his statement 'that the act does not put in issue the accuracy of the speedometer, but simply the fact of its having been tested.' "

We, likewise, are of the opinion that Police Officer Wieand, merely having observed the testing, was incompetent to testify as to the accuracy of the speedometer. There being no competent evidence as to the speed of appellant's car giving rise to the suspension of his motor vehicle license, and the matter heard de novo, we sustain appellants' demurrer to the Commonwealth's evidence and enter the following

### Order

And now, November 20, 1961, defendant's appeal is sustained and the order of the Secretary of Revenue suspending appellant's license for a period of one month is reversed, and the secretary is directed to restore to appellant his operator's license.

Costs to be paid by appellant.