## Commonwealth  v.  Daugherty

*William F. Morgan,* for Commonwealth.

*Edward G. Petrillo,* for defendant.

WOLFE, P. J., September 20, 1971.—This matter is before the court on appeal following defendant's conviction in the Justice of the Peace Court on a charge of violation of The Vehicle Code of April 29, 1959, P. L. 58, as amended (75 PS §1002) section 1002(b)(6) in that defendant was operating his motor vehicle 92 miles per hour in a 55-mile-per-hour zone.

The arresting officer testified he clocked defendant at 92 miles per hour for four-tenths of a mile and stated defendant was, in fact, at one point traveling 98 miles per hour. Upon being stopped by the officer, defendant,

according to the officer's testimony, said he didn't think he was going that fast.

Defendant concedes he was traveling between 50 and 65 miles per hour but denies that he could travel 92 miles per hour on the road in question.

At the conclusion of the Commonwealth's case and again after the completion of defendant's case, a motion was made for dismissal on the grounds the Commonwealth did not produce sufficient evidence that the speedometer of the patrol car was adequately tested and that the Commonwealth failed to prove the proper "speed signs" were erected.

As to the first objection, the Commonwealth produced a certificate of accuracy of the pursuit car's speedometer indicating it was tested within the 30-day period prior to the violation from 10 to 80 miles an hour, inclusive, and was found to be 98 percent accurate. Defendant argues the certificate does not indicate it was adjusted for accuracy and that it fails to show it was accurate at 92 miles per hour.

Section 1002(d)(1) of The Vehicle Code provides, inter alia: "When the rate of speed of any vehicle is timed on any highway within a business or resident district, where official speed limit signs are erected, as provided in this section, for the purpose of ascertaining whether or not the operator of such vehicle is violating a speed provision of this act, . . . or, under any conditions, the rate of speed may be timed, for a distance of not less than one quarter (¼) mile, by a peace officer using a motor vehicle equipped with a speedometer tested for accuracy within a period of thirty (30) days prior to the alleged violation. An official certificate from an official speedometer testing station, showing such test was made, that the speedometer was adjusted for accuracy, if necessary, the date thereof, and the degree of accuracy of such speedometer, shall be

competent and prima facia evidence of the fact that such certificate was issued by an official speedometer testing station appointed by the secretary, *and of the accuracy of the speedometer,* in every proceeding where an information is brought charging violation of this section." (Italics supplied.)

Defendant contends his position is supported by Commonwealth v. Pluta, 26 D. & C. 2d 693 (1961); Commonwealth v. Houseknecht, 19 D. & C. 2d 48 (1959), and Commonwealth v. Smith, 27 D. & C. 2d 229 (1961).

A reading of these three cases does not support defendant's position. In Commonwealth v. Pluta, at page 695, the court found:

"The Commonwealth offered no evidence whatsoever of the accuracy of the speedometer in the vehicle operated by the arresting officer."

And in Commonwealth v. Houseknecht, at page 50, the court found:

"The certificate offered states that the speedometer on the arresting officer's car was 'tested and found accurate to within allowable tolerances.' Under such language there is no indication of the meaning 'allowable tolerances' or who decided what allowances permitted the certificate of accuracy to be issued."

And finally, in Commonwealth v. Smith, at page 231, the court found the certificate did not indicate the accuracy of the speedometer and, on the contrary, the space for the accuracy percentage was left blank.

Defendant's argument was resolved in Spangler License, 37 D. & C. 2d 588 (1964), on an issue involving the same question before this court. There, the court found that the certificate need not indicate the speedometer was adjusted for accuracy if no adjustment was made.

We elect to follow the Spangler case, as it conforms

to the statute which requires the certificate to indicate the speedometer was adjusted for accuracy, if necessary. Obviously, if no adjustment of the speedometer was made, the certificate would not indicate it.

In regard to the argument no test was made up to speeds of 92 miles per hour, again, the act does not require the certificate to indicate it was tested at the same speed for which defendant was cited. The Vehicle Code merely requires the Commonwealth to produce a certificate from an official speedometer-testing station indicating the accuracy of the speedometer and does not require the Commonwealth to produce a certificate accurate at the speed charged. Defendant has offered the court no cases to the contrary and none has been found by an independent search and, therefore, it is held, in the absence of the legislature's requiring such accuracy testing, a general testing and finding of accuracy is sufficient. This is in line with the holding of the court in Commonwealth v. Parish, 138 Pa. Superior Ct. 593 (1940). There, the court held the monthly inspections of the speedometers on police vehicles was mandated to protect the users of the highway from unwarranted arrests and not to hamper the Commonwealth in its proof. Further, this case holds there is no burden on the Commonwealth proving the accuracy of the officer's speedometer except by competent proof that it has been tested for accuracy within the 30-day period prior to the alleged violation.

Turning to defendant's argument the necessary "speed signs" were not erected is not acceptable. The arresting officer testified, and defendant agreed, his arrest was made on the open highway and the existing speed limit was 55 miles per hour and there was a speed limit sign so indicating this speed on Route 6 east of the Borough of Corry and another sign a few feet prior to the intersection of Route 6 with Route 958.

The officer further testified he kept defendant's car in sight and was approximately 150 feet behind it prior to and during his clock.

Defendant contends the Commonwealth had a duty to erect signs along the highway over which defendant was clocked at one-eighth-mile intervals.

The stretch of road where defendant was clocked is open highway as contrasted to a business or resident district. There is no such requirement or duty placed upon the Commonwealth to erect signs at one-eighth-mile intervals on the open highway and no fair statutory interpretation of section 1002 can supply the requirement. Defendant's argument was similar to the argument used in Commonwealth v. Wolfgang, 120 Pa. Superior Ct. 253 (1935). Here, the court was considering section 1002(d) of The Vehicle Code of 1929 wherein defendant was convicted of a speed violation by the timing of his vehicle over a measured one-eighth-mile stretch by two officers. The Superior Court sustained the lower court's motion to quash the indictment on the grounds that the information failed to set forth the length of highway was within a business or residence district. In so holding, the court found section 1002(d) provided two methods of timing speeds of motor vehicles. "In plain language, it provides for the so-called 'speedtrap' method in business or residence districts, where 20 miles speed limit signs have been erected. In equally plain language, it provides for timing speed under all other conditions by means of a motor vehicle whose speedometer has been checked for accuracy within 30 days and over a measured stretch of one-quarter (¼) mile." And again at page 256, "The plain purpose of this Act of Assembly was to abolish 'speedtraps' in the smaller villages and boroughs of the Commonwealth. . . . The Act of 1929 restricts this means of detection exclusively and without ambiguity to business and

residential districts where 'Twenty Mile Speed Limit' signs have been erected." And, "The intention of the legislature in the Act of 1929 is clearly indicated by the provision for different methods of detection under the different conditions specified."

Our current Vehicle Code has adopted verbatim the 1929 statute for the most part in setting out section 1002(d)(1), and there is no such provision that the Commonwealth erect signs at one-eighth of a mile intervals on the open highways. Section 1002(b)(8) requiring signs at one-eighth-mile intervals outside of business and residence districts restricting speed if established by the Secretary of Highways cannot be interpreted to add any of this language to the language under section 1002(d)(1). This latter subsection is independent and exclusive of the other sections.

For these reasons, we hold the Commonwealth has met its burden of proof beyond a reasonable doubt under all of the evidence and that defendant is guilty as charged and the following order is made.

## ORDER

And now, September 20, 1971, defendant is found guilty of speeding 92 miles per hour in a 55 mile-per-hour-speed zone. Exceptions noted for defendant.