## Commonwealth *v.* Klick, Appellant.

450

Argued March 14, 1949. Before HIRT, RENO, DITH-RICH, ARNOLD and FINE, JJ. (RHODES, P. J., and ROSS, J., absent.)

*Christian R. Gingrich,* with him *Harry B. Crytzer,* for appellant.

*Wm. S. Morrow,* District Attorney, for appellee.

OPINION BY HIRT, J., April 13, 1949:

On information of a State Police officer the defendant was charged with the operation of a motor vehicle in violation of Section 1002(a), Art. X, of The Vehicle Code of May 1, 1929, P. L. 905, as amended, 75 PS § 501. That section provides: "Any person driving a vehicle on a highway shall drive the same at a careful and prudent speed, not greater than nor less than is reasonable and proper, having due regard to the traffic, surface, and width of the highway, and of any other restrictions or conditions then and there existing . . ." After summary hearing the court adjudged the defendant guilty of having, on April 18, 1948, driven a motor vehicle on

a public highway in the Township of Penn, in Perry County, in violation of the above section of the Act. The information charged defendant specifically with a violation of the above section in its exact language with this additional averment: "Said motor vehicle having been operated at a rate of speed of 50 miles per hour within a residence district, where official signs are displayed by the proper authorities, on the right hand side of the highway facing traffic, restricting speed to 35 miles per hour. The above vehicle timed for a distance of not less than ¼ mile by a Peace Officer using a motor vehicle equipped with a speedometer tested for accuracy by an Official speedometer Testing Station within a period of thirty (30) days prior to the alleged violation as required by law".

It is defendant's contention that since the excessive speed alleged occurred within a residential district, where signs had been erected limiting speed to 35 miles per hour he therefore could be convicted only upon proofs as prescribed in § 1002 (d) of the Act. Subsection (d), in part provides: "for the purpose of ascertaining whether or not the operator of such vehicle is violating a speed provision of this act" in a residence district where official speed limit signs are erected, timing of the speed "shall be taken by not less than two (2) peace officers, one of whom shall have been stationed at each end of a measured stretch" . . . not less than ⅛ of a mile in length. The conviction here rests, as to the speed of defendant's vehicle, upon the testimony of a peace officer who in pursuing the defendant for more than ¼ mile, used a motor vehicle equipped with a speedometer tested for accuracy within 30 days. It is defendant's contention that this method of timing is not competent evidence of speed in a residence district under the circumstances and therefore the conviction here must be set aside and the defendant discharged. With this contention we cannot agree.

Subsection (a) of 1002 of the Act creates a complete offense separate and distinct from every other offense defined elsewhere in the Act. Official signs as to permissible maximum speed cannot relieve one from a violation of 1002(a) merely by driving within the speed limit prescribed. While care and prudence may indicate a rate of speed much less than the maximum limit, as indicated by official signs; conceivably one may drive so slowly under certain conditions as to jeopardize others by his disregard for their safety; on the other hand one may exceed permissible maximum speed limits on occasion, in the operation of a motor vehicle and still not be chargeable with violation of 1002(a). The fact that in the present case the information charges defendant with operation of his automobile in a residence district at a speed in excess of the maximum indicated by official signs does not take this prosecution out of 1002(a).

In cases where the single complaint is that the operator of a vehicle has violated subsection (b) or (c) of § 1002 of the Act, which prescribe definite speed limits under certain conditions, the provisions of § 1002(d) apply exclusively and must be observed. *Com. v. Wolfgang*, 120 Pa. Superior Ct. 252, 182 A. 109. But where the charge is failure to drive a vehicle at a careful and prudent speed under existing conditions in violation of § 1002(a) any competent evidence of speed is admissible. Cf. *Commonwealth v. Aurick*, 138 Pa. Superior Ct. 180, 10 A. 2d 22. On the present charge under § 1002(a) the testimony of a peace officer that he timed defendant's speed using a motor vehicle for the purpose, equipped with a speedometer which had been tested for accuracy within thirty days, was competent and sufficient proof of the speed at which defendant was driving. This method of determining speed, approved by us in *Commonwealth v. Parish*, 138 Pa. Superior Ct. 593, 10 A. 2d 896, is not restricted to violations on the open highway

or outside of a business or a residence district, except where the charge is violation of the maximum permissive speed limits, under subsection (b) or (c) of § 1002.

Defendant further contends that he is being deprived of due process, in that the provisions of § 1002(a) are so vague, indefinite and uncertain as to be unconstitutional. Matters not raised nor considered below cannot be invoked on appeal even though they involve constitutional questions. *Montgomery Co. B. Assn. v. Rinalducci,* 329 Pa. 296, 197 A. 924. But although this constitutional question was not raised in the lower court we have considered it and find no merit in appellant's contention. In 12 Am. Jur., Constitutional Law, § 585, the universally accepted rule is thus stated: "It is a general principle of statutory law that a statute must be definite to be valid. A statute which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application violates the first essential of due process of law. On the other hand, where the words assailed, taken in connection with the context, are commonly understood, their use does not render a statute invalid." The mandate of § 1002(a) is a salutary police measure limiting the operation of motor vehicles, in the public interest. To define specifically permissible rates of speed under every conceivable condition would be manifestly impossible; hence the general language of § 1002(a) is no valid objection to it on constitutional grounds. The ordinary person can understand what standard of conduct is imposed, as well as what he may do and what is forbidden under this provision of the Act. The same criticism which defendant urges here might be directed to § 1001 (75 PS § 481) of the Act making reckless driving unlawful. What is reckless driving or what is failure to drive at a careful and prudent speed depends upon the particular circumstances. As in the case of reckless driving, the

determination of what constitutes driving "too fast for conditions" is for the finder of the facts, in this case a judge of the court below, in a summary proceeding.

We find no merit in this appeal.

Judgment affirmed.