## Commonwealth v. Bonkoski

*R. B. Reynolds*, assistant district attorney, for plaintiff.

*Milton Jacobson*, for defendant.

FORREST, J., March 30, 1951.—Defendant was charged with violation of section 1013(a) of The Vehicle Code of May 1, 1929, P. L. 905, 75 PS §573, in that he did not yield the right of way at an intersection when another car was approaching from his right. Defendant waived a hearing and the matter was heard

by the writer of this opinion on December 15, 1950, as a result of which defendant was found guilty as charged and sentenced to pay a fine and the costs of prosecution. Defendant filed exceptions and his counsel requested the court to hear the exceptions as though a motion in arrest of judgment had been filed. Although not specifically stated in the findings of the court, the hearing judge determined that the circumstances of the incident were as follows; defendant was driving on Linfield Road going north approaching the right angle intersection of Lewis Road and Linfield Road, Limerick Township, Montgomery County, Pa., on November 6, 1950; the other vehicle was being driven by Miss Matonick in a westerly direction on Lewis Road, approaching the intersection, thus placing her to the right of defendant; there was a stop sign against defendant on Linfield Road; the cars collided in the intersection.

Under that line of cases which hold that where there is a specific act dealing with the specific crime charged, defendant must be prosecuted under the specific rather than the general act, defendant argues that section 1014(c) of The Vehicle Code of May 1, 1929, P. L. 925, 75 PS §573, is the one covering the conduct of defendant and not section 1013(a), under which defendant was charged, since the former is specific and the latter is general.

No case has been cited, or turned up after a careful search, which deals with the exact problem presented here under the 1013(a) and 1014(c) sections of The Vehicle Code. The former provides:

"572. Right of way.

"(a) When two vehicles, or two street cars, or two trackless trolley omnibuses, approach or enter, or when any vehicle, street car, or trackless trolley omnibus, approaches or enters an intersection at approximately the same time, the driver of the vehicle, street car, or

trackless trolley omnibus on the left, shall yield the right of way to the vehicle, street car or trackless trolley omnibus on the right, except as otherwise provided in this act. The driver of any vehicle, street car, or trackless trolley omnibus traveling at an unlawful speed shall forfeit any right of way which he might otherwise have hereunder."

The latter provides:

"573. Exceptions to the Right of Way Rule.

"(c) The driver of a vehicle entering a through highway or stop intersection, which has been established as such under provisions of this act, shall yield the right of way to all vehicles approaching in either direction on such through highway. This provision shall not operate to relieve the driver of any vehicle being operated on a through highway from the duty to drive with due regard for the safety of vehicles entering such through highway, nor shall it protect the driver of any vehicle on a through highway from the consequence of an arbitrary exercise of such right of way."

It is true that there are several lower court cases involving two sections of The Vehicle Code which support defendant; however, the recent case of Commonwealth v. Klick, 164 Pa. Superior Ct. 449 (1949) definitely overrules some, if not all of them. In that case, defendant was charged under section 1002(a) of The Vehicle Code of May 1, 1929, P. L. 905, which provides:

"Any person driving a vehicle on a highway shall drive the same at a careful and prudent speed, not greater than nor less than is reasonable and proper, having due regard to the traffic, surface and width of the highway, and of any other restrictions or conditions then and there existing."

There, defendant contended that since the excessive speed alleged occurred within a residential district

where signs had been erected limiting the speed to 35 miles per hour, he therefore could be convicted only of violating section 1002(b)-4, which limits the speed under such conditions to 35 miles per hour. The court said on page 452:

"The fact that in the present case the information charges defendant with operation of his automobile in a residence district at a speed in excess of the maximum indicated by official signs does not take this prosecution out of 1002(a)."

The case of Commonwealth v. Frisco, 67 D. & C. 51 (1948) has been cited by defendant in support of his position. Suffice it to say that the Frisco case was decided by our court before the Superior Court had spoken in the Klick case.

Then, there is another answer to defendant's argument in that it cannot be said that section 1013(a) is general and 1014(c) is specific—they both deal with the "right of way" at an intersection. Combining the two sections and paraphrasing, we see that the drivers to the right have the right of way except where there is a stop sign at the intersection, in which case the driver on the other highway has the right of way. It should be noted that section 1014 is entitled *"Exceptions to the Right of Way Rule"* and accordingly, the two sections should be read together and not separately. If that is done, it could not be contended that one section is specific and the other general.

Defendant also argues that Miss Matonick was driving her car at an illegal rate of speed and therefore she forfeited her right of way. Although it was not specifically found by the hearing judge, his determination was that she was not going at an illegal speed; even if it were so found, defendant could not escape his criminal liability of not yielding the right of way. If it were otherwise, the driver coming through a stop sign would not be guilty of violating this section when

there would be more danger by reason of the excessive speed of the car approaching the intersection on the other highway. Further, if there were a passenger in the Matonick car, the passenger would not have forfeited the right of way by reason of the excessive speed of the car in which he was riding. So that defendant's argument would lead to these anomalous conclusions: (1) That defendant would be guilty if the other car were not exceeding the speed limit, but if it were, he would not be guilty, and (2) that defendant would be guilty if there were a passehger in the other car and not guilty if there were no passenger. We do not believe that such absurd results were ever intended.

The findings of the hearing judge were properly made and the sentence was rightly imposed.

And now, March 30, 1951, all exceptions are dismissed, the motion in arrest of judgment is overruled and the judgment of the hearing judge in imposing the sentence is sustained.