## Commonwealth v. Rice

*William S. Morrow*, for Commonwealth.
*Charles W. Kugler*, for defendant.

TROUTMAN, P. J., June 17, 1952.—Defendant in this case, Samuel M. Rice, was arrested by Sgt. Dale Black,

constable and borough policeman of Millerstown Borough, for violation of section 1002(a) of The Vehicle Code of May 1, 1929, P. L. 905, 75 PS §501. The information alleges that defendant on November 30, 1951, at or about 11:10 p.m. operated a Buick sedan "in the Borough of Millerstown, on Route No. 22, Perry County, this Commonwealth, at a greater speed than was reasonable and proper, without having due regard for traffic surface, width of highway, and other restrictions or conditions then and there existing, by driving at a rate of speed up to and including 50 miles per hour."

Defendant waived a hearing and took an appeal for the purpose of hearing de novo by this court.

From the testimony of the prosecutor, who was the only witness for the Commonwealth, it appears that Millerstown Borough is a municipality with a population of about 700. The territorial limits of the borough however, are extensive, extending east and west along Route 22, which is also the main street of the borough, for a distance of approximately one and one-half miles and from the Juniata River northward along Route 17 for a distance of about one mile. These two streets or highways cross each other at right angles at the square in the borough. The borough has erected official 35 mile per hour speed limit signs along Route 22 from the easterly limits of the borough to a point within four tenths of a mile of the westerly limits of the borough. "Speed trap" signs have also been erected at each end of the restricted speed zone. The borough is built up on both sides of Route 22 to the easterly limits thereof, but a considerable portion of Route 22 within the corporate limits of the western part of the borough is not a "business or residence district" but is comparable to a rural area and toward the extreme western limits is a wooded area on both sides of the road.

On the night of November 30, 1951, the prosecutor was parked west of the borough along Route 22 when he noticed the car of defendant approaching from the west traveling toward the borough. The prosecutor pulled out and followed defendant, overtaking him just before reaching the borough limits. He followed defendant within the borough limits about one mile until a point at Wilson's Garage where he signaled defendant to stop by pulling up beside him and blowing or "beeping" his horn and throwing a flashlight on the ceiling of his, the prosecutor's car, so defendant could see his uniform from the reflection of the light. The events which occurred thereafter are immaterial to the disposition of the question before the court. The prosecutor testified that defendant held a speed of 50 miles per hour until this point. The prosecutor, however, introduced no certificate in evidence attesting the accuracy of his speedometer. Defendant was thereupon arrested for the violation above designated, which is now commonly known as the driving "too fast for conditions" section of the code.

Defendant, a reputable citizen, testified that as he was approaching the borough limits he saw the car of the officer approach from his rear at a terrific rate of speed and that upon entering the borough limits he checked his speedometer and held his speed to 35 miles per hour or less.

At the time of the alleged offense traffic in the borough was not heavy or congested. The officer testified there were several places on the road where water was seeping through but there is no testimony that it was freezing. There was no fog. The highway generally was not entirely dry but it had not rained that night. There was no evidence or indication of any near collision. Defendant testified that he passed only two cars which were coming in the opposite direction. The prosecutor testified that on one occasion defendant drove

over the center line of the highway. This, if true, is a separate offense and should have been prosecuted under section 1004, the proper and pertinent section of the code: Commonwealth v. Frisco, 67 D. & C. 51. Defendant contends, the testimony shows, and the Commonwealth substantially admits that defendant was actually arrested for exceeding the speed limit in a restricted speed zone of 35 miles per hour.

In Commonwealth v. Klick, 164 Pa. Superior Ct. 449, a case appealed from this court, it was held that section 1002 (a) is not unconstitutional for vagueness, that it creates a complete offense, separate and distinct from every other offense defined elsewhere in The Vehicle Code, and that any competent evidence of speed is admissible. The court further held however, that what constitutes driving "too fast for conditions" is a question of fact for the court below to determine in a summary proceeding and that "While care and prudence may indicate a rate of speed much less than the maximum limit, as indicated by official signs, conceivably one may drive so slowly under certain conditions as to jeopardize others by his disregard for their safety; on the other hand one may exceed permissible maximum speed limits on occasion, in the operation of a motor vehicle and still not be chargeable with violation of 1002(a). . . ."

Section 1002, which regulates speed of motor vehicles generally from 10 to 70 miles per hour, provides in section (b):

"4. Twenty-five (25) or thirty-five (35) miles an hour speed limit: All vehicles, except those restricted by this act to lower maximum speeds, within business or residence districts, or public park areas, where official signs, erected by the proper authorities, on the right-hand side of the highway facing the traffic to be controlled, or on the left-hand side of one-way streets, are displayed. This limit shall be observed for a dis-

tance beyond said sign for not more than one-eighth (⅛) of a mile. An additional sign shall be placed at intervals not greater than one-eighth (⅛) of a mile, and any extension of such limited zone shall be marked by additional signs in like manner. At the end of such limited zone, there shall be an official sign, similarly placed as to traffic, indicating the end of the limited zone."

Section 1002(d) provides, inter alia:

"(1) When the rate of speed of any vehicle is timed on any highway within a business or residence district, where official speed limit signs are erected, as provided in this section, for the purpose of ascertaining whether or not the operator of such vehicle is violating *a speed provision of this act* (italics ours) such time shall be taken by not less than two (2) peace officers, one of whom shall have been stationed at each end of a measured stretch, and no conviction shall be had upon the unsupported evidence of one (1) peace officer, except as hereinafter provided, and no such measured stretch shall be less than one-eighth (⅛) of a mile in length. . . ."

If exceeding the maximum speed limit in a restricted speed zone is ipso facto driving "too fast for conditions" then the above section becomes meaningless.

This accurate means of ascertaining the speed of a motor vehicle in a business or residence district must be observed to support a conviction where speed is the only element of the offense, unattended by other circumstances or conditions: Commonwealth v. Feyka, 62 D. & C. 353; Commonwealth v. Cole, 61 D. & C. 548. The legislature did not intend nor does the court propose to allow so plain and palpable a circumvention of the statute. The officer testified that during the previous year he had made approximately 600 arrests, two thirds of which were under section 1002(a) for

driving too fast for conditions. While signs warn the motorists that there is a "speed trap" in the borough, the provisions of the statute regarding proof of rate of speed are ignored by arresting the alleged violator on another charge which may or may not have any relation to speeding. The officer followed defendant in a portion of the borough which is not built up and can scarcely be defined as a "business or residence district," nor does the information allege the offense to have occurred in a "business or residence district." We believe the factual and legal situation here presented is squarely within the class of cases section 1002(*d*) sought to cover.

Under all the evidence of this case we find as a fact that defendant on November 30, 1951, did not operate his motor vehicle in the Borough of Millerstown at a greater speed than was reasonable and proper having due regard to the traffic surface and width of the highway and of any other restrictions or conditions then and there existing in violation of section 1002(*a*) of The Vehicle Code. Accordingly, we adjudge defendant not guilty.

Section 1210 of The Vehicle Code, 75 PS §740, provides:

"Whenever any peace officer, whose duty it is to enforce the provisions of this act, shall, in good faith, bring suit for any violation of such provisions, and, for any reason, shall fail to recover the costs of record, such costs shall be a charge upon the proper county, as shall such costs in the event defendant is imprisoned for failure to pay fine or costs or both, and shall be audited and paid as are costs of like character in said county."

We will direct payment of costs by the county in this case. We recommend however that the officer and borough council obtain proper legal advice as to the method and manner of law enforcement regulating

speed of motor vehicles traveling in or through the borough.

### Decree

And, now, June 17, 1952, defendant is found not guilty, County of Perry to pay costs.