## Commonwealth v. Ferbezar

*Joe Ferbezar*, p. p., for appellant.

*J. Leonard Solomon*, assistant district attorney, and *James E. Rowley*, for Commonwealth.

SOHN, J., April 7, 1955.—Joe Ferbezar is the appellant in two appeals from summary convictions. In the first he is charged with "Speeding". Attached to

the information is a printed sheet in which it is charged that

"On the 4th day of December, 1954, at about 8:53 o'clock P. M. of the said day, Joe Ferbezar, defendant above named, owner or driver of a 1953 Chev. Sdn. bearing Pennsylvania Registration Plates No. NB-597 for 1954, did unlawfully then and there operate said motor vehicle upon the public highway at a rate of speed over 45 miles per hour, when the rate of speed of this particular kind, type and class of motor vehicle is 35 miles per hour. This is violation of Paragraph —— Sub-section A, Section 1002, Article 10, Act 403, P. L. 1929, as amended . . ."

At the bottom of the printed form is a blank in which has been inserted the word speeding as the charge against defendant. Subsection (*a*) of section 1002 of The Vehicle Code, as amended, 75 PS §501 (*a*) reads as follows:

"Any person driving a vehicle on a highway shall drive the same at a careful and prudent speed, not greater than nor less than is reasonable and proper, having due regard to the traffic surface, and width of the highway, and of any other restrictions or conditions then and there existing; and no person shall drive any vehicle, upon a highway at such a speed as to endanger the life, limb, or property of any person, nor at a speed greater than will permit him to bring the vehicle to a stop within the assured clear distance ahead."

The trial proceeded on the theory that defendant was charged with exceeding the speed limit. The evidence of speed was offered by the testimony of the arresting officer who followed defendant's vehicle in another motor vehicle. A certificate of the accuracy of the speedometer of the arresting officer's vehicle was offered in evidence.

Special counsel for the Commonwealth has submitted a brief in which it is contended that this case comes under the decision of Commonwealth v. Klick, 164 Pa. Superior Ct. 449. An examination of the record indicates that the only statements in the information are that defendant was charged with speeding and charged with violating subsection (a) of section 1002. The facts as to violation of section 1002 (a) are not stated. If he violated subsection (a), he should have been informed in the information in what manner he violated the statute. Such facts were averred in the information in Commonwealth v. Klick, supra. If excessive speed is a part of an alleged violation of subsection 1002 (a), then under Commonwealth v. Klick, supra, the evidence offered by the officer was admissible to support such contention. In the information there is no allegation that defendant did anything other than drive at a speed of over 45 miles per hour in a 35-mile zone. A charge of violation of subsection (a) of section 1002 cannot be sustained. No fact is averred which would constitute a violation of that section. It would be contrary to the provisions of the statute to find defendant guilty on an alleged violation of a speed limit. If speed alone is the offense, the method of ascertaining the fact of violation is improper. If defendant is charged with a violation of section 1002 (a) no averment appears in the information as to the manner in which defendant is alleged to have violated the statute. Defendant must therefore be found not guilty under the information charging speeding.

The second information charges that defendant violated subsection (d) of section 801 of The Vehicle Code. The information is regular in form and the evidence supports the conclusion that defendant violated the statutory provision. We conclude that defendant is guilty on this charge.

*Order*

And now, to wit, April 7, 1955, it is ordered, adjudged and decreed that defendant be adjudged not guilty in the proceedings at March sessions, 1955, no. 35, in the Court of Quarter Sessions of Beaver County, Pa. Costs to be paid by Beaver County.

In the proceedings at March sessions, 1955, no. 36, defendant is adjudged guilty and sentenced to pay a fine of $10 and costs.