Commonwealth *v.* Kenny, Appellant.

480

Argued March 21, 1955. Before RHODES, P. J., ROSS, GUNTHER, WRIGHT, WOODSIDE, and ERVIN, JJ. (HIRT, J., absent).

*H. Lester Haws,* for appellant.

*J. Stroud Weber,* District Attorney, and *J. William Ditter, Jr.,* Assistant District Attorney, submitted a brief, for appellee.

OPINION BY ERVIN, J., July 21, 1955:

This is an appeal from the order of the Court of Quarter Sessions of the Peace dismissing the appellant's motion for a new trial for violation of subsection (b)2 of §1002 of "The Vehicle Code," which makes it unlawful to drive a motor vehicle at more than 15 miles an hour, when passing a school building during school recess, or while children are going to or leaving school during opening or closing hours. Act of May 1, 1929, P. L. 905, art. X, §1002 (b) 2, as amended, 75 PS §501 (b) 2. The lower court stated that the evidence sustained a finding that at the time of the alleged violation the defendant operated his motor vehicle in violation of the above mentioned section of the code if the testimony of the police officer who estimated the speed of defend-

ant's car is admissible and a proper method of proof under "The Vehicle Code."

Appellant relies upon subsection (d) (1) of §1002 of "The Vehicle Code", which provides, inter alia, as follows: "When the rate of speed of any vehicle is timed on any highway within a business or residence district, where official speed limit signs are erected, as provided in this section, for the purpose of ascertaining whether or not the operator of such vehicle is violating a speed provision of this act, such time shall be taken by not less than two (2) peace officers, one of whom shall have been stationed at each end of a measured stretch, and no conviction shall be had upon the unsupported evidence of one (1) peace officer, except as hereinafter provided, and no such measured stretch shall be less than one-eighth (⅛) of a mile in length. Under all other conditions, the rate of speed shall be timed, for a distance of not less than one quarter (¼) mile, by a peace officer using a motor vehicle equipped with a speedometer tested for accuracy within a period of thirty (30) days prior to the alleged violation."

If the method of showing speed is limited to these two methods in the case of violations of subsections (b)1, 2, 3, then the testimony of the officer is not admissible. Obviously, however, any such method of detection cannot be applied to violations of these subsections. The impossibility of using either of these methods is recognized in *Com. v. Wolfgang,* 120 Pa. Superior Ct. 252, 257, 182 A. 109, where this Court said: "The Vehicle Code provides certain speed violations, to which neither method of detection can be applied: 1. Speeds of more than 10 miles per hour when passing street cars taking on or discharging passengers, etc. 2. Speeds of more than 15 miles per hour when passing a school in recess, etc. 3. Speeds of more than 20 miles per hour when approaching grade crossings,

etc. 4. Speeds of more than 20 miles per hour when approaching certain intersections. In these instances, there can be no 'measured stretch of one-eighth of a mile,' nor can a motorcycle follow such operator for the prescribed quarter of a mile."

In *Com. v. Klick*, 164 Pa. Superior Ct. 449, 452, 65 A. 2d 440, a prosecution for violation of §1002(a), we said that the proof need not be in accord with §1002(d) and we expressly held that "any competent evidence of speed is admissible."

In the *Klick* case we did say: "In cases where the single complaint is that the operator of a vehicle has violated subsection (b) or (c) of §1002 of the Act, which prescribe definite speed limits under certain conditions, the provisions of §1002(d) apply exclusively and must be observed. Com. v. Wolfgang, 120 Pa. Superior Ct. 252, 182 A. 109." This, however, was obiter dictum and we certainly could not have meant to apply §1002(d) to all of the subsections under (b) because we cited Com. v. Wolfgang, supra, for the authority in which we had said that "The Vehicle Code provides certain speed violations, to which neither method of detection can be applied." Obviously, the legislature did not intend to enact subsection (b) and at the same time make it absolutely impossible to enforce, since there are few, if any, school buildings one-eighth of a mile long.

Section 52 (1) of the Statutory Construction Act of 1937, 46 PS §552, is applicable to this situation. It provides: "In ascertaining the intention of the Legislature in the enactment of a law, the courts may be guided by the following presumptions among others: (1) That the Legislature does not intend a result that is absurd, impossible of execution or unreasonable; ....."

*Com. v. Wolfgang,* supra, was decided by the Superior Court in 1935. Since that decision the legislature has amended this act five times and it has not seen fit to change the language with which we are here concerned. It would seem that it is satisfied with the interpretation of the language as contained in *Com. v. Wolfgang,* supra, which clearly points out that there could be no "measured stretch of one-eighth of a mile" under §1002 (b) 1, 2, 3 of "The Vehicle Code." Subsection (4) of the Statutory Construction Act of 1937, supra, is particularly applicable: "(4) That when a court of last resort has construed the language used in a law, the Legislature in subsequent laws on the same subject matter intend the same construction to be placed upon such language;".

That leaves for disposition appellant's final argument that a penal statute must be strictly construed in favor of the defendant and against the Commonwealth. That argument is answered by art. IV, §58 of the Statutory Construction Act, which provides: "All provisions of a law of the classes hereafter enumerated shall be strictly construed:

"(1) Penal provisions;

". . .

"All other provisions of a law shall be liberally construed to effect their objects and to promote justice."

In the present case the crime is clearly defined. The legislature made it unlawful to drive a motor vehicle at more than 15 miles per hour when passing a school building, etc. The language of "The Vehicle Code" leaves in doubt only the method of proving the crime. The legislature in the Statutory Construction Act has told us to construe all provisions of the act, with the exception of the penal provisions, liberally in order to effect the object of the act and to promote justice. Certainly the object of the act was to protect school chil-

dren from being injured by speeding motorists. To interpret "The Vehicle Code" as appellant suggests would certainly defeat the worthy object sought to be accomplished by the legislature and would defeat justice rather than promote it.

Order affirmed.