## Commonwealth v. Hill

*P. Richard Thomas*, for Commonwealth.
*Charles F. Hill*, p. p.

Mook, P. J., April 14, 1956.—Defendant, Charles F. Hill, was arrested on an information charging the violation of The Vehicle Code commonly known as "driving too fast for conditions". The complaint was filed by Theodore Reagle, constable in and for the borough of Hydetown who also acted as chief of police for Oil Creek Township.

The complaint alleges that on July 16, 1954, at about 7:34 p.m. of the said day, "Charles F. Hill, defendant above named owner or driver of a Hudson Sedan . . . did unlawfully then and there operate said motor vehicle at a greater rate of speed than was reasonable

and proper, without having due regard to the traffic surface, width of the highway, and of any other restrictions or conditions then and there existing; to to wit: . . . by driving at a rate of speed up to and including . . . miles per hour. This is violation of sub-section 'A' Section 1002, Article 10, Act 403, P. L. 1929, as amended. Complainant therefore prays and desires that a warrant may issue and the aforesaid defendant Charles F. Hill shall be arrested and held to answer this charge of Excessive Speed. . . ."

The information was filed before N. Allen Love, alderman in and for the City of Titusville since there is no justice of the peace in Oil Creek Township and a copy of the information was mailed to Hill by registered mail after which he appeared before the alderman and waived a hearing to the next session of criminal court and posted a bond in the sum of $30. Thereafter the case came before the court for hearing and Hill appeared without legal counsel. The court offered him counsel, but he stated he would present his own case after which a hearing was held and testimony given by the officer, Reagle, and by defendant, Hill.

At the conclusion of the hearing we reserved the decision and thereafter we decided to file an opinion by reason of the considerable number of cases of this character that have arisen in order to determine the propriety of entering prosecution under section 1002($a$) of The Vehicle Code for what appear to be violations of 1002($b$) only and further to lay down the rules and proper procedure for filing and proving cases involving the speed laws of this Commonwealth.

On the evening in question, Hill was proceeding in his automobile in an easterly direction approaching the City of Titusville. About two miles west of the city limits of Titusville, there is a little village known as Gresham through which there is a 35 mile speed limit. After leaving Gresham, the speed limit is again

posted at 50 miles per hour for approximately nine-tenths of a mile and then again in Oil Creek Township there is another restricted area of 35 miles per hour for about sixth-tenths of a mile to the city limits. Reagle testified that he was in his own automobile on the evening in question and that he followed Hill over the distance from Gresham to the City of Titusville and clocked him at a speed of 52 miles per hour. No certificate was presented to show that his automobile had been tested for accuracy within 30 days as provided by section 1002(d) of The Vehicle Code. Defendant denied positively that he had been driving his automobile at 52 miles per hour in the 35-mile speed zone but on the contrary testified that he reduced his speed to 35 miles per hour or less when he reached that area.

No testimony was given by the officer as to any other conditions or restrictions then and there existing except that he testified that complaints had been received of persons speeding through this area since it was a section where children played along the road on their tricycles and bicycles. We do not recall that there was any direct testimony that the officer observed any children playing along the road at the time he arrested Hill.

The road is an improved asphalt road approximately 25 feet wide and straight and level through the 35-mile speed zone, and on the evening in question the weather was clear and the pavement was dry, and there were no other conditions then existing other than the exceeding of the 35-mile speed limit.

Three questions, therefore, present themselves in this case.

1. Is the complaint defective in failing to state the speed defendant was traveling or in failing to state the nature of the conditions and restrictions which made defendant's speed unlawful?

2. May defendant be found guilty under section 1002(a) when the only evidence of his guilt is the testimony of the officer that he was exceeding the speed limit?

3. Under circumstances like these, may defendant be convicted on the testimony of one officer or is the Commonwealth required to establish the speed by testimony of two police officers; one of whom shall have been stationed at each end of the measured stretch as required by section 1002(d) of The Vehicle Code?

We will first consider whether the complaint is defective in that it failed to state the speed the defendant was traveling, or in what respect he was traveling too fast for conditions. Section 1002(e) of The Vehicle Code provides:

"(e) In every information charging violation of this section, reference shall be made to this section and subsection alleged to have been violated, specifying the speed at which the defendant is alleged to have driven."

The lower courts have been divided in their opinion as to whether or not this section applies to violation of section 1002(a). In Commonwealth v. Weber, 33 D. & C. 488; Commonwealth v. Reber, 46 D. & C. 411, and Commonwealth v. Hazy, 66 D. & C. 451, the courts held that the provision of subsection (e) does not apply to prosecutions brought under subsection (a). However, most of the later cases including Commonwealth v. Fry, 65 D. & C. 551; Commonwealth v. Stroh, 71 D. & C. 378; Commonwealth v. Reese, 1 D. & C. 2d 741; Commonwealth v. Ferbezar, 3 D. & C. 2d 754, all clearly hold to the contrary and rule that a complaint is defective if it fails to set forth the speed at which defendant is alleged to have driven.

We are inclined to agree with the latter group of cases. As Judge Williams, of Lycoming County, said in Commonwealth v. Stroh, supra:

"The words used in section 1002(e) are not uncertain and ambiguous, and we cannot see how they can properly be interpreted to exclude section 1002(a) from their operation without ruling contrary to the expressed meaning of the words used."

Likewise in Commonwealth v. Reese, supra, Judge Barthold, of Northampton County, said:

"In our opinion it is significant that the legislature, in express terms, made subsection (e) applicable to the whole of section 1002 and not to a portion thereof. The express words of the legislature may not be ignored where their meaning is plain and obvious. The words 'this section' contained in subsection (e), cannot possibly refer to any other section than section 1002. In these circumstances the court may not speculate as to the possible intention of the legislature."

The instant complaint not only fails to set forth the speed at which defendant is alleged to have driven but also the conditions or restrictions then and there existing which rendered the speed of his car unlawful. If he violated subsection (a), he should have been informed in the information in what manner he violated the statute: Commonwealth v. Ferbezar, supra.

Since this complainant alleged neither the speed nor the manner in which defendant unlawfully operated his automobile, the complaint is fatally defective.

Second: As we have already indicated, the sole evidence in this case for the Commonwealth was the testimony of Mr. Reagle that he clocked defendant at 52 miles per hour in a 35-mile zone.

Section 1002(d) of The Vehicle Code provides as follows:

"(d) (1) When the rate of speed of any vehicle is timed on any highway within a business or residence district, where official speed limit signs are erected, as provided in this section, for the purpose of ascertaining whether or not the operator of such vehicle is violating

a speed provision of this act, such time shall be taken by not less than two (2) peace officers, one of whom shall have been stationed at each end of a measured stretch, and no conviction shall be had upon the unsupported evidence of one (1) peace officer, except as hereinafter provided, and no such measured stretch shall be less than one-eighth (⅛) of a mile in length. Under all other conditions, the rate of speed shall be timed, for a distance of not less than one quarter (¼) mile, by a peace officer using a motor vehicle equipped with a speedometer tested for accuracy within a period of thirty (30) days prior to the alleged violation. An official certificate from an official speedometer testing station, showing such test was made, that the speedometer was adjusted for accuracy, the date thereof, and the degree of accuracy of such speedometer after adjustment, shall be competent and prima facie evidence of the fact that such certificate was issued by an official speedometer testing station appointed by the secretary, and of the accuracy of the speedometer, in every proceeding where an information is brought charging a violation of this sction."

In the present case there is no evidence whatsoever that defendant's speed was timed over a measured stretch by two police officers, and the question remains whether the Commonwealth may charge defendant with violating the 35-mile speed limits by proceeding under section 1002 (*a*) and prove only that he drove in excess of 35 miles per hour. There are a number of decisions by other lower courts of this Commonwealth to the effect that such prosecutions cannot be maintained. In the case of Commonwealth v. Rice, 82 D. & C. 541, 545, referring to section 1002 (*d*), Judge Troutman, of Perry County, said:

"This accurate means of ascertaining the speed of a motor vehicle in a business or residence district must be observed to support a conviction where speed is the

only element of the offense, unattended by other circumstances or conditions: Commonwealth v. Feyka, 62 D. & C. 353; Commonwealth v. Cole, 61 D. & C. 548. The legislature did not intend nor does the court propose to allow so plain and palpable a circumvention of the statute."

To the same effect is Commonwealth v. McKinney, 101 Pitts. L. J. 396. In that case defendant was charged with violating section 1002(*a*) "by unlawfully operating the said motor vehicle at a rate of speed greater than is reasonable and proper, not having due regard for traffic conditions then and there existing, viz.: driving over 35 m.p.h. in an officially posted 35 m.p.h. zone. Rate of speed timed at 48 m.p.h. for a distance of ¼ mile by a peace officer in a motor vehicle equipped with a speedometer tested for accuracy within the last 30 days".

The court said:

"The evidence does not prove a violation of subsection 'A'. For violating maximum speed limits, the information should charge a violation of section #1002-B and not under the general provision of subsection 'A' which imposes upon the Justice of the Peace the necessity of determining the proper speed 'having due regard of the traffic surface and the width of the highway, and or any other restriction then and there existing', and at the trial *de novo*, it also would require proof along the same lines. Failing such proof no conviction under section #1002 sub-section 'A' can be found."

Likewise in Commonwealth v. Ferbezar, supra, the Beaver County Court held that where the evidence adduced at the trial established only that defendant was driving 45 miles per hour in a 35-mile zone, a charge of the violation of section 1002(*a*) cannot be sustained. The court said:

"If speed alone is the offense, the method of ascertaining the fact of violation is improper."

Also in Commonwealth v. Frisco, 67 D. & C. 51, Judge Knight, of Montgomery County, carefully considered the same question and concluded:

". . . that if an operator of an automobile violates the provisions of subsection (a) of section 1002, but does not violate any of the maximum speed limits of section 1002(b), he may be charged with a violation of section 1002(a) ; but, if he violates the provisions of subsection (b) as to the maximum speed limits, the prosecution should be brought under subsection (b). . . .

"The information in this case charges that the defendant was driving too fast for conditions, and the evidence shows that he was violating the maximum speed limits provided for such conditions. We are therefore of the opinion that the prosecution should have been brought under the specific provisions of subsection (b) and not under subsection (a). . . .

"The motion in arrest of judgment is allowed, the finding of guilty is set aside, and defendant found not guilty."

In our judgment these decisions are not contrary to the decision of the Superior Court in Commonwealth v. Klick, 164 Pa. Superior Ct. 449, cited by the Commonwealth. In that case the court held that where the charge is failure to drive a vehicle at a careful and prudent rate of speed under existing conditions in violation of 1002(a), the testimony of a peace officer that he timed defendant's speed, using a motor vehicle equipped with a speedometer which had been tested for accuracy within 30 days, is competent and sufficient proof of the speed at which defendant was driving, but the case does not hold that exceeding the speed limit alone establishes a violation of this section. In fact, the court said, at page 452:

"In cases where the single complaint is that the operator of a vehicle has violated subsection (b) or (c) of §1002 of the Act, which prescribe definite speed limits under certain conditions, the provisions of §1002(d) apply exclusively and must be observed."

In other words when the Commonwealth relies upon speed in excess of the posted limit alone, in business and residential districts, the speed must be timed by not less than two peace officers over a measured stretch not less than one-eighth of a mile in length as provided by subsection (d).

This is necessarily so because, as pointed out in the Klick case, supra, subsection 1002(a) creates a separate and distinct offense. Quoting again from page 452, the court said:

"While care and prudence may indicate a rate of speed much less than the maximum limit, as indicated by official signs, conceivably one may drive so slowly under certain conditions as to jeopardize others by his disregard for their safety; on the other hand one may exceed permissible maximum speed limits on occasion, in the operation of a motor vehicle and still not be chargeable with violation of 1002(a)."

Thus the evidence in the present case that defendant violated the 35-mile per hour speed limit does not in itself prove him guilty of violating section 1002(a). But even if it did, in the present case there is no competent evidence that defendant exceeded the speed limit as no testimony was produced that the speedometer of the officer's car had ever been checked for accuracy. This car was not a State vehicle such as is used by the Pennsylvania State Police but rather the constable's private automobile. The evidence offered by the Commonwealth in this case therefore does not meet the requirements of the statute or the decision in the case of Commonwealth v. Klick, supra. See also Commonwealth v. Parish, 138 Pa. Superior Ct. 593;

Commonwealth v. Arcara, 81 D. & C. 42, and Commonwealth v. Feyka, 62 D. & C. 353. It follows that defendant cannot be convicted of violating section 1002(*a*) as charged upon the evidence in this case.

Having reached this conclusion, it is unnecessary to consider question no. 3 to decide this case, but we wish to set forth our views briefly on this point to prevent further misunderstanding. In view of the foregoing authorities, it appears abundantly clear that where a police officer of any community desires to make an arrest for speeding in a business or residential district where official speed limit signs are erected, the proper method of ascertaining whether or not a violation has taken place is to lay out a measured stretch over not less than one-eighth of a mile and establish one police officer at each end and time the speed of the vehicle proceeding through said zone. Of course, we do not mean to say that a person may not be convicted of section 1002(*a*) without the testimony of two officers as Commonwealth v. Klick, supra, holds otherwise, but where a violation of section 1002(*a*) is alleged, the complaint and the evidence must show in what respect defendant was operating his motor vehicle too fast for conditions then and there existing, and the driver may not be convicted under this section merely by showing he exceeded the speed limit.

We realize that it is sometimes impractical and expensive for a community to employ the services of two police officers to check speeders, but, if this is so, the remedy is with the legislature and not the courts, for it is the duty of the courts to construe the law as it is written.

In the instant case, as previously mentioned, defendant appeared without counsel and no motion was made to quash the information. Had such a motion been made it would have to have been sustained.

· However, having concluded also that the evidence is insufficient to support a conviction of the offense set forth in the complaint, we enter the following

*Order*

And now, April 14, 1956, after further consideration, defendant, Charles F. Hill, is discharged and the County of Crawford is ordered to pay the costs.