## Commonwealth v. Schepis

*Edward G. Biester, Jr.*, Assistant District Attorney, for Commonwealth.

*Paul Weinblatt*, for defendant.

FULLAM, J., November 28, 1960. — Defendant, charged with having violated section 1002(*a*) of The Vehicle Code of April 29, 1959, P. L. 58, as amended, 75 PS §1002(*a*), waived hearing, posted bond for appearance in court, and moved to quash the information.

The statute in question, commonly known as the "too fast for conditions" section, provides:

"Any person driving a vehicle on a highway shall drive the same at a careful and prudent speed, not greater than nor less than is reasonable and proper, having due regard to the traffic surface, and width of the highway, and of any other restrictions or conditions then and there existing; . . ."

The information charges defendant with having operated his motor vehicle

". . . at a greater rate of speed than was reasonable and proper, without having due regard to the traffic surface, width of the highway, and of any other restrictions or conditions then and there existing, to wit:

"Did unlawfully operate said car on Makefield Road at a speed of 54 mph in a posted 35 mph zone, clocked

by police car No. 131 for ⅜ mile, using a speedometer tested and approved for accuracy as required by law. Certificate No. 107 by driving at a rate of speed up to and including 54 miles per hour."

Defendant bases his motion to quash this information upon two related lines of argument: (1) Since the gist of the alleged offense is the violation of the 35 miles-per-hour speed limit, the prosecution should have been brought under section 1002 (*b*) (4), rather than under the general "too fast for conditions" section, section 1002 (*a*) ; and (2) in any event, the information is insufficient under section 1002 (*a*), since it fails to specify what the existing conditions were, with respect to which defendant's speed was excessive.

A substantial number of lower courts of this Commonwealth have decided that where exceeding a speed limit is the only violation charged, the prosecution cannot be brought under section 1002 (*a*), but must be brought under the specific speed limit section in question. See Commonwealth v. Fish, 15 D. & C. 2d 360 (1957) ; Commonwealth v. Frisco, 67 D. & C. 51 (1948) ; Commonwealth v. Hill, 6 D. & C. 2d 751 (1956), and cases cited in these decisions. However, we are not persuaded that these cases still represent the law of this Commonwealth.

In the first place, one of the principal reasons relied upon in arriving at the holding that section 1002 (*a*) could not be used for prosecutions of specific speed limit violations was the fact that section 1002 (*d*) of The Vehicle Code required a different method of proof of speed in the case of specific speed limit section violations, whereas under section 1002 (*a*) any competent evidence of speed was admissible. Implicit in the various opinions referred to above is the thought that a contrary holding would permit police officers to evade the requirements of section 1002 (*d*), and would render that section virtually meaningless. Now, however, this

reasoning is no longer applicable, since the present Vehicle Code has relaxed the requirements of section 1002 (d) with respect to the type of evidence of speed which is admissible in prosecutions under the specific speed limit sections of the code.

But a more potent reason for disregarding the decisions referred to above is the fact that they seem to be at odds with the decision of the Superior Court in the case of Commonwealth v. Klick, 164 Pa. Superior Ct. 449 (1949). Indeed, the Montgomery County court which decided Commonwealth v. Frisco supra, has expressly recognized in the case of Commonwealth v. Bonkoski, 81 D. & C. 191 (1951), that the Frisco case has been overruled by the Klick decision.

The factual situation presented in the Klick case was virtually identical to that in the present case. While the Klick case arose on appeal from conviction after hearing, rather than on a motion to quash, the only evidence of violation appears to have been that "within a residence district, where official signs are displayed . . . restricting speed to 35 miles per hour," appellant drove his car at a speed of 50 miles per hour. Appellant presented two principal arguments: (1) That evidence of speed other than that prescribed by section 1002 (d) was inadmissible, and (2) that section 1002 (a) was unconstitutional because of indefiniteness. Both of these arguments were rejected by the Superior Court. And, although no mention was made of the lower court decisions referred to above, nor of the legal question discussed therein, the court stated, at page 452:

"Subsection (a) of 1002 of the Act creates a complete offense separate and distinct from every other offense defined elsewhere in the Act . . . The fact that in the present case the information charges defendant with operation of his automobile in a residence district at a speed in excess of the maximum indicated by

official signs does not take this prosecution out of 1002(a)."

The entire tenor of the Superior Court opinion is utterly inconsistent with the view that speed limit violations cannot be prosecuted under section 1002(a).

Moreover, since the evidence in the Klick case did not go beyond the averments of the information, that case necessarily involves a holding that the information was sufficiently specific. There is no significant difference between that information and the one involved in the present case. In the case at bar, the information avers that the violation occurred "in a posted 35 mph zone." We believe that this averment amounts to an allegation that the violation occurred in a business or residence district, and we do not believe that it is essential for the information to specify which. Since the information further sets forth the location where the violation is alleged to have occurred, evidence as to the precise nature of the area in question should come as no great surprise to defendant at the trial of this case.

Because of the decision of the Superior Court in the Klick case, we feel obliged to hold that the present prosecution could properly be brought under section 1002(a), and that the information is sufficiently specific. No useful purpose would be served in discussing the various other lower court decisions cited by defendant. It should be noted, however, that in most, if not all, of these cases which appear to be inconsistent with our interpretation of the Klick decision, the result reached was obviously correct for other reasons not here pertinent.

### Order

And now, November 28, 1960, for the reasons set forth in the foregoing opinion, defendant's motion to quash the information is overruled and denied.