## Commonwealth v. Farace

*Stephen A. Teller,* District Attorney, *Vincent M. Quinn,* Assistant District Attorney, for Commonwealth.

*Cletus M. Lyman* and *Jack Mulhall,* for defendants.

FLANNERY, P. J., April 25, 1961.—On January 10, 1961, defendants, in an indictment containing two counts, were charged with aggravated assault and battery and assault and battery. On February 7, 1961, they filed a demurrer and a motion to quash, which are before us for disposition.

At the argument, defendants withdrew their objection to the jurisdiction of this court and they presently contend: (1) That the first count of the indictment, charging aggravated assault and battery under section 709 of the Act of June 24, 1939, P. L. 872, 18 PS §4709, is fatally defective in that the cited statute is vague and indefinite and thus unconstitutional . . .

Section 709 of the Act of June 24, 1939, supra, provides:

"Whoever unlawfully and maliciously inflicts upon another person, either with or without any weapon or instrument, any grievous bodily harm, or unlawfully cuts, stabs or wounds any other person, is guilty of a misdemeanor, and upon conviction thereof, shall be sentenced to pay a fine not exceeding two thousand dollars ($2,000), or undergo imprisonment, either at labor by separate or solitary confinement or to simple imprisonment, not exceeding three (3) years, or both."

Section 708 of the Act of June 24, 1939, supra, provides:

"Whoever commits an assault and battery, or an assault, is guilty of a misdemeanor, and upon conviction thereof, shall be sentenced to pay a fine not exceeding one thousand dollars ($1,000), or undergo imprisonment not exceeding two (2) years, or both."

The indictment, standard in form, contains two counts: One, aggravated assault and battery, and two, simple assault and battery. These are set forth in the language of their respective statutes.

Defendants first attack the constitutionality of section 709 of the Act of June 24, 1939, supra, on the ground that the words "grievous bodily harm" contained therein are vague and indefinite. We do not agree. It is true that a criminal statute must be definite to be valid. The legislation must lay down a reasonably ascertainable and definite standard of guilt. United States v. Dettra Flag Co., 86 F. Supp. 84; Commonwealth v. Bauder, 188 Pa. Superior Ct. 424; Commonwealth v. Randall, 183 Pa. Superior Ct. 603, cert. denied 355 U.S. 954, 78 S. Ct. 539, 2 L. Ed. 530. However, if the words assailed, taken in connection with the context, are commonly understood, their use does not render the statute invalid: Commonwealth v. Klick, 164 Pa. Superior Ct. 449. The Constitution does not require impossible standards, and lack of precision is not itself offensive to the requirements of due process. All that is required of a statute is that its language convey a sufficiently definite warning as to the proscribed conduct when measured by common intelligence, understanding and practices: Commonwealth v. Acquaviva, 187 Pa. Superior Ct. 550. The provisions of the statute in question here clearly meet these standards. . . .