## Commonwealth v. Haldeman

*Glenn D. Welsh, Assistant District Attorney,* for Commonwealth.

*Donald S. Haldeman, Jr.,* in propria persona.

SAYLOR, *J.,* May 26, 1981—This matter is before us on summary appeal from a conviction for violation of the Vehicle Code. Appellant was found guilty by a district justice of violating 75 Pa.C.S.A.

§ 3365(b), speeding in a school zone. The Commonwealth's sole evidence was testimony by a police officer, who observed appellant for "two, three or four seconds," that in his estimation appellant was traveling 45 miles per hour. The posted limit during the hours of operation of the zone was 25 miles per hour. Appellant challenges the Commonwealth's proof on the grounds that no provision in Pennsylvania law exists for allowing a police officer to estimate actual speed of a vehicle.

In Com. v. Kenny, 178 Pa. Superior Ct. 479, 116 A. 2d 235 (1955), a case decided under a prior vehicle code, the court held that speeding violations within a school zone may be proved by estimation by a police officer rather than clocking speed over a measured length, since school zones are of such short distance that no measuring can be accomplished.

Appellant argues that Kenny stands only for the proposition that a police officer may estimate whether a violator was driving in *excess* of the speed limit in a school zone, since the former vehicle codes only focused on whether the violator was in excess of the speed limit and not, as under the present Vehicle Code, how much in excess of the speed limit.

We find some merit to appellant's claim where, as in the instant case, the estimation of actual speed occurred over a momentary span of time. We believe, however, that Kenny is still applicable to the extent that an officer's estimation that a violator is driving in *excess* of the posted limit is admissible proof of speeding. We note, also, that appellant estimated his own speed through the school zone to be as high as 27 miles per hour, which speed itself would constitute a violation of the Vehicle Code section in question.

We enter the following findings of fact:

1. The Commonwealth proved beyond a reasonable doubt that appellant was traveling in excess of 25 miles per hour in a posted 25 mile per hour school zone.

2. The Commonwealth failed to prove beyond a reasonable doubt that appellant was traveling 45 miles per hour through a 25 mile per hour school zone.

We therefore enter the following conclusions of law:

1. Appellant is guilty of a violation of the Vehicle Code, 75 Pa.C.S.A. § 3365(b).

2. Appellant is not guilty of exceeding the maximum posted limit by more than five miles per hour.

Accordingly, we enter the following

### ORDER

May 26, 1981, upon consideration of defendant's appeal from a summary conviction and the foregoing opinion, it is orderd and decreed that any amount in excess of $35 plus costs appellant paid on his fine shall be refunded to appellant. Costs of this appeal are placed on appellant.