## Commonwealth v. Pape

*Emil W. Kantra, II,* assistant district attorney and *William H. Plat,* district attorney, for Commonwealth.

*Paul A. McGinley,* for defendant.

DAVISON, *J.,* October 24, 1983—This summary conviction appeal raises the question of what consti-

tutes a "motor vehicle" for the purpose of determining whether violations of the Vehicle Code have occurred.

Defendant was convicted before District Justice Shankweiler of charges of Driving an Unregistered Vehicle, 75 Pa. C.S.A. §1301 (1977), and Drivers Required to be Licensed, 75 Pa. C.S.A. §1501 (Purdon 1977). She contends that what she was driving was not a motor vehicle as defined in the Vehicle Code, 75 Pa. C.S.A. §101 (1977). For the reasons that follow, we are obliged to reject defendant's arguments.

The facts are uncontested. The sixteen-year old defendant operated a three-wheel gasoline-powered vehicle on Fairview Street and Route 100 in the Borough of Macungie, Lehigh County, Pennsylvania, on May 18, 1983. The unenclosed Honda vehicle contains one wheel in the front, two in the rear and has a headlight and tail lights. Measuring approximately three feet in length and two and one-half feet in width, the vehicle has only one seat; it is capable, however, of transporting two occupants and, in fact, carried an additional rider on the seat when defendant was cited. The vehicle lacked turn signals, a horn, and backup lights.

The issue is whether the vehicle in question is a vehicle for purposes of the Vehicle Code; if so, its non-registration and operation by an unlicensed driver is unlawful.

Section 102 of the Vehicle Code defines "motor vehicle" as "a vehicle which is self-propelled except one which is propelled solely by human power or by electric power obtained from overhead trolly wires, but not operated upon rails."

The facts of the case at bar are remarkably similar to those in Commonwealth v. Goodwin, 22 D. & C. 2d 782 (1959). In Goodwin, defendant was charged

with operating an unregistered motor vehicle upon a public highway without proper registration. The vehicle there was a manually started, four-wheel home-constructed scooter or soap box with a three-quarter horsepower motor capable of attaining a maximum speed of fifteen miles per hour. The frame was just two inches above the ground and was welded and bolted together; its floor was made of tin. While it had a steering wheel, it lacked a clutch.

Finding the scooter to be a "motor vehicle" within the purview of section 102 of the 1959 Vehicle Code,[1] Judge Laub ruled that "the vehicle involved here clearly was a motor vehicle within the literal meaning of the language employed, for it was self-propelled and did not fall within one of the named exceptions." *Id.* at 784.

We hold that the vehicle operated by defendant was a "motor vehicle" for the purpose of exacting compliance with the Vehicle Code. It did not fall within any of the enumerated exceptions to the registration requirements.[2] The vehicle in question not

---

1. Act of April 29, 1959, P.L. 58. Defendant in the instant case is, of course, charged under the present version of the Code. Section 102 of the 1959 Code defined "motor vehicle" as "any vehicle, as herein defined, which is self-propelled, except tractors, power shovels, road rollers, agricultural machines and vehicles which move upon or are guided by a track, or travel through the air." The differences between the 1959 and current Vehicle Code definitions neither alters Goodwin's holding nor lessens its value as precedent.

2. While the penal provisions of the Vehicle Code should be strictly construed, 1 Pa. C.S.A. § 1928(b)(1) (Purdon 1983-84 Supp.), the Vehicle Code should generally be construed broadly, with an eye for furthering the legislative goals of protecting the public safety. Commonwealth v. Kenny, 178 Pa. Super. 479, 116 A.2d 235 (1955), Fornwalt Motor Vehicle Operator License Case, 203 Pa. Super. 411, 202 A.2d 115 (1964), 1 Pa. C.S.A. § 1921(c) (Purdon 1983-84 Supp.).

only was capable of being driven on the public highways, but was in fact being so used. To neither require registration of such vehicles nor licensure of operators thereof is to invite disaster. As Judge, later Dean, Laub observed in Goodwin:

Registration is . . . required as a means of assuring that each vehicle is properly constructed and equipped. . . .

Unless automobiles of the type driven by this defendant be included in the registration and safety requirements of the act, every . . . flimsy, ill-equipped, self-propelled vehicle devised by the ingenuity of man must be permitted free and uncontrolled use of the highways, turning every public thoroughfare into a hazardous playground and every cautious motorist into a potential killer of children. *Id*. at 785-86.

Defendant's reliance on Siefert v. Nationwide Ins., 289 Pa. Super. 160, 432 A.2d 1101 (1981), is misplaced. More specifically, defendant asserts that because the vehicle lacked an audible warning system, 75 Pa. C.S.A. §4535(a) (1977), turn signals, 75 Pa. C.S.A. §4303(c), and other required lighting under 67 Pa. Code §153.4 (1983), the vehicle, which admittedly could not have been registered under the provisions of 75 Pa. C.S.A. §1306(5) (1977), is not a motor vehicle.

The Siefert court was faced with interpreting the Vehicle Code for purposes of determining the application of the Pennsylvania No-fault Motor Vehicle Insurance Act, 40 P.S. §1009.101 *et seq*. (Purdon 1983-84 Supp.). The No-fault Act defines "motor vehicle" as "a vehicle of a kind required to be registered under the [Vehicle Code]."[3] 40 P.S. §1009.103

---

3. The No-fault Act defined "motor vehicle" with reference to the 1959 Code; however, the Siefert Court determined that

(Purdon 1983-84 Supp.). The court held that a trail bike which lacked tail lights, headlights and a horn was not a motor vehicle as it was not capable of registration.

The No-fault act's avowed policy is the creation of a Commonwealth-wide system of prompt and adequate payment of basic loss benefits for victims of motor vehicle accidents and their survivors, 40 P.S. § 1009.102(b) (Purdon 1983-84 Supp.), Pennsylvania Assigned Claims Plan v. Insurance Commissioner, 54 Pa. Commw. 93, 420 A.2d 25 (1980). Such a policy requires that for purposes of establishing liability to claimants there be a legislative determination as to when a motor vehicle accident actually has occurred.

To apply Siefert's No-fault rationale would lead to the proposition that one who desired to escape the licensing and registration requirements of the Vehicle Code and nonetheless operate a vehicle need only drive a vehicle incapable of registration. This would hardly render our highways any safer or protect the public.

For all of these reasons, we are obliged to adjudicate defendant's guilt of these violations of the Vehicle Code.

## ORDER

Now, October 24, 1983, following a hearing and for the reasons set forth in the accompanying opinion, the court finds defendant guilty of Driving an Unregistered Vehicle, 75 Pa. C.S.A. § 1301 (1977),

---

the legislative failure to amend the No-fault Act so that the term would be defined with reference to the present Code was a mere oversight and applied the present Code.

and Drivers Required to be Licensed, 75 Pa. C.S.A. §1501 (1977);

It is ordered that defendant appear for the imposition of sentence in Courtroom No. 2, December 12, 1983 at 9:30 a.m.